UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE GLOUCESTER TONSHIP BOARD OF EDUCATION, | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : : | |
| v. | : : | Civil No. 22-06568 |
| E.N. and M.N. on behalf of A.N., | : : | |
| *Defendants*. | : : : | **OPINION** |

## I.    Introduction

Plaintiff Gloucester Township Board of Education (the "District") initiated this action against Defendants E.N. and M.N. on behalf of minor A.N. under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400, et seq. By this action, the District seeks reversal of the Decision by the Honorable Elaine B. Frick, A.L.J. granting Defendants' motion for partial summary decision and ordering the District to reimburse Defendants for the Independent Educational Evaluation ("IEE") performed by a reading specialist. The District also seeks attorney's fees in accordance with 20 U.S.C. 1415(h)(i)(3)(B)(i)(II)-(III). In their Answer and Counterclaims, Defendants seek to appeal a separate decision issued by the ALJ, which denied their demands for relief upon concluding that Free Appropriate Public Education ("FAPE") was provided in the Least Restrictive Environment ("LRE") to A.N. and that there was no compensatory education to be awarded, nor reimbursements for private tutoring, therapy, or other requested out-of-pocket expenses for such services. Dkt. 1-1, PageID:114.

1

Presently before the Court is the motion by the District to dismiss Defendants' Counterclaims as being in violation of the IDEA's ninety-day statute of limitations period for seeking review of a final agency decision or, in the alternative, for failure to state a claim. Defendants have opposed the District's motion.

For the reasons set forth herein, the District's motion to dismiss Defendants' counterclaims will be granted.

## II. Statutory Framework

The IDEA is a "comprehensive scheme of federal legislation designed to meet the special educational needs of children with disabilities." *M.A. ex rel E.S. v. State-Operated Sch. Dist.*, 344 F.3d 335, 338 (3d Cir. 2003). The IDEA operates through the exercise of "cooperative federalism" and offers federal funds to states to educate children with disabilities. *See, e.g.*, *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S. Ct. 988, 993, 197 L.Ed.2d 335 (2017). "In exchange for the funds, a State pledges to comply with a number of statutory conditions." *See T.R. v. Sch. Dist. of Philadelphia*, 4 F.4th 179, 182–83 (3d Cir. 2021). State recipients apportion federal funds to local educational agencies, like the District here, who are in turn responsible for providing special education and related services under the IDEA. *See* 20 U.S.C. §§ 1401(19), 1412–1414.

### A. Free Appropriate Public Education ("FAPE")

As a condition for the receipt of federal funding, local educational agencies must provide a "free appropriate public education" or "FAPE" to qualifying students. *T.R.*, 4 F.4th at 183 (3d Cir. 2021); *see also Endrew F. ex rel. Joseph F.*, 580 U.S. at 390 (citing 20 U.S.C. § 1412(a)(1)). "The IDEA contemplates that school districts will achieve these goals by designing and administering a program of individualized instruction for each

special education student set forth in an Individualized Education Plan." *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 557 (3d Cir. 2010) (citing 20 U.S.C. §§ 1412(a)(4), 1414(d)). An Individual Education Plan "consists of a specific statement of a student's present abilities, goals for improvement of the student's abilities, services designed to meet those goals, and a timetable for reaching the goals by way of the services." *Holmes v. Millcreek Twp. Sch. Dist.*, 205 F.3d 583, 589 (3d Cir. 2000) (citing 20 U.S.C. § 1401(a)(20)).

### B. Independent Educational Evaluations ("IEEs")

The IDEA requires school districts to evaluate students with disabilities in the interest of providing special education and related services. *C.P. o/b/o F.P. v. Clifton Bd. of Educ.*, No. CV198469KMJAD, 2020 WL 4530031, at *5 (D.N.J. Aug. 6, 2020); 20 U.S.C. §§ 1401(19)(A), 1414(a)(1)(A); 34 C.F.R. § 300.301; *see also* N.J. ADMIN CODE §§ 6A:14-2.5 (discussing evaluation procedures and noting that district boards of education conduct evaluations), 6A:14-3.1(a)–(b) (stating that "child study team" members are responsible for the evaluation of students and must be employees of a district board of education).

If a parent disagrees with any evaluation or reevaluation administered by the school board, the IDEA grants her the "right to an independent educational evaluation," or "IEE." *See* 34 C.F.R. § 300.502(b)(1); *see also* N.J. A DMIN. CODE § 6A:14-2.5(c). Importantly, an IEE is to be delivered "at public expense," meaning the school board either "pays for the full cost of the evaluation or ensures that the evaluation is otherwise provided at no cost to the parent." 34 C.F.R. §§ 300.502(a)(3)(ii), (b)(1).

### C. Dispute Resolution Procedures

3

The IDEA establishes mechanisms for aggrieved parties to submit complaints "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A). Initially, a party may bring a complaint to challenge a school board's decision through "an administrative 'impartial due process hearing.'" *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 269 (3d Cir. 2012) (quoting 20 U.S.C. § 1415(f)). If a student's request for a publicly funded IEE is denied by a school board, the board must request a due process hearing within twenty days. *See M.S. v. Hillsborough Twp. Pub. Sch. Dist.*, 793 F. App'x 91, 94 (3d Cir. 2019) (citing N.J. ADMIN. CODE. §§ 6A:14-2.5(c)(1)(ii) and 6A:14-2.7(b)).

Any party dissatisfied with the outcome of a due process hearing may seek judicial review of an ALJ's decision "by filing an action in a competent state or federal court." *Y.B.*, 4 F.4th at 198 (3d Cir. 2021) (citing 20 U.S.C. § 1415(i)(2)(A)). However, bringing such an action requires the party to do so within "90 days from the date of the decision of the hearing officer." 20 U.S.C. § 1415(i)(2)(A). The hearing officer's decision becomes final and binding if neither party seeks judicial review within the ninety-day limitations period. 20 U.S.C. § 1415(i)(1)(A).

### III.   Background

This case arises from a dispute over payment for special education evaluation services. Petitioners are the parents of a child, A.N., who is a classified disabled student, and a resident within the Gloucester Township School District. On April 27, 2020, the parents notified the District of their request for an IEE of A.N., to be completed by Ellen Topiel, Reading Specialist and by Technology for Education & Communication Consulting in Assistive Technology paid for by the BOE. The Reading Specialist charged

4

$3,200, but the District declined to pay more than $600 for such an evaluation. On May 18, 2020, Defendants initiated a due process request.

On July 22, 2020, following multiple settlement conferences and attempts to resolve this matter, the counsel for Plaintiff sent counsel for Defendants an offer of judgement letter, memorializing the settlement discussions as the District's current settlement offer. The District claims that, through that offer of judgement, it offered Defendants a settlement with terms that represented everything sought in Defendants last settlement demand, and a complete agreement as to the educational claims and financial claims raised by Defendants. This response to Defendants settlement offer was made three days after receiving it.

On July 31, 2020, Defendants initiated a due process request with the New Jersey Office of Administrative Law. The parents argued they were entitled to an order for partial summary decision regarding their pending due process, directing the District to provide an IEE for the student, at the public expense, because the District never filed a petition objecting to the requested evaluation. The District opposed the request for partial summary decision, asserting it was not required to file a petition because it agreed to provide an IEE and were seeking to clarify what type of evaluation Parents sought, and that it would be paid for in accordance with the cost criteria fee cap schedule developed by the District.

On November 24, 2020, the Hon. Elaine B. Frick, A.L.J. issued a decision, granting Parents motion for partial summary decision and ordering the District to reimburse Defendant for the IEE performed by Ellen Topiel.[1]

---

[1] The District filed a Complaint on January 20, 2021, in the United States District Court for the District of New Jersey-Camden Vicinage, seeking review and reversal of the

The remaining issues in Defendants' Due Process Petition relating to provision of FAPE in the LRE environment were reviewed through a hearing before the Office of Administrative Law. A Final Decision on those issues was issued on August 12, 2022 in favor of the District concluding that FAPE was provided in the LRE to A.N. and that there was no compensatory education to be awarded, nor reimbursements for private tutoring, therapy, or other requested out-of-pocket expenses for such services. *See* Compl. ¶ 8, August 12, 2022 Final Agency Decision and Order of the Hon. Elaine B. Frick, A.L.J., Dkt. 1-1, PageID:114.

The District filed the instant action seeking reversal of the Final Decision of November 24, 2020 on the asserted basis that the administrative law court failed to properly consider the controlling authority of the New Jersey District Court as well as Federal Circuit Courts in relying on the PRISE manual published by the New Jersey Department of Education in reaching its conclusion.

The District also seeks attorney's fees on the basis that Defendants continued to litigate the Due Process Matter after the litigation clearly became frivolous, unreasonable, or without foundation. Specifically, the District claims that it provided an offer of judgement letter representing the terms of the last settlement proposal by Defendants, resolving the educational programs and financial issues set forth in the Due Process Petition, yet Defendants unreasonably, and without explanation rejected that offer, multiple times.

---

Order for Partial Summary Judgment. An opinion and order were issued on April 13, 2022 dismissing the District's Complaint without prejudice for lack of subject matter jurisdiction, finding that the Individuals with Disabilities Education Act administrative process had not yet reached completion with the entry of a final decision in the OAL. *See Gloucester Twp. Bd. of Educ. v. E.N. on Behalf of A.N.*, No. CV 21-939 (RBK/SAK), 2022 WL 1104848, at *1 (D.N.J. Apr. 13, 2022).

In sum, the District seeks relief in the form of a reversal of the Final Decision dated November 24, 2020; Entry of Judgment finding that the District was not required to initiate due process within 20 days in order to deny reimbursement of the IEE cost based on the District's Cost Criteria, and; an award of attorney's fees to the District by Defendants.

Defendants allege two counterclaims in their Answer. Dkt. 4. First, Defendants allege they are aggrieved because "Plaintiffs failed to disclose the prior proceeding in this matter in Case 1:21-cv-00939-RBK-SAK (Document 15, Filed 04/13/22) where this Court 'DISMISSED without prejudice Plaintiffs interlocutory appeal of the 11/24/20 Order for lack of subject matter jurisdiction.'" Second, Defendants assert "The Defendants are aggrieved by and appeal all relief requested by Defendants and denied by the 8/12/22 final administrative order. § 1415(i)(2)(B)" and petition the Court to reverse, vacate, and remand the August 12, 2022 order.

Presently before the Court is the motion by the District to dismiss Defendants' counterclaims as being in violation of the 90-day statute of limitations period or, in the alternative, for failure to state a claim. Defendants claim the District brought the present action on the ninetieth day after the entry of the final administrative decision of August 20, 2022 in an attempt to bar Defendants from bringing a counterclaim. According to Defendants, the District's argument that the counterclaims should be barred as out-of-time represents a departure from authority permitting counterclaims filed outside the 90-day period when asserted in a responsive pleading. The District argue in response that the authority referenced by Defendants permitting counterclaims to be filed outside the 90-day period applies only to compulsory counterclaims, not permissive countercliams, and that Defendants' counterclaims are undisputedly permissive.

7

### IV. Legal Standard

A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a claim. *See Polysciences, Inc. v. Masrud*, No. 22-1767, 2023 WL 3377084, at *1 (3d Cir. May 11, 2023). Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. *Id.* In general, only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration when deciding a motion to dismiss under Rule 12(b)(6). *See Chester Cnty Intermediate Unit v. Pa. Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d. Cir. 2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume

---

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

8

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

The Court need not accept "unsupported conclusions and unwarranted inferences," (*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." *Wyeth v. Ranbaxy Labs., Ltd.*, 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." (quoting *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005))). *Accord Iqbal*, 556 U.S. at 678–80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted); s*ee also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

9

complaint has alleged-but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## V. Discussion

The question presented by the District's motion is whether Defendants' counterclaims are timely under the IDEA's ninety-day limitations period. In resolving this question, the Court is guided by the recent decision in *Mantua Twp. Bd. of Educ. v. E.K. on behalf of W.W.*, No. 122CV07496KMWMJS, 2023 WL 6389104, at *1 (D.N.J. Sept. 30, 2023), which features facts remarkably similar to the instant action. In *Mantua*, as here, the school district's claim sought review of discrete issue of whether the school district was required to initiate due process in order to deny reimbursement of the IEE cost based on cost criteria. Also in *Mantua*, the parent/defendant filed counterclaims outside of the IDEA's 90-day statute of limitations. The school district in *Mantua* then brought a motion to dismiss the counterclaims arguing they were permissive counterclaims brought outside of the statute of limitations. The Honorable Judge Williams found that the parent/defendant's counterclaims were permissive rather than compulsory and thus time barred by the IDEA's ninety-day limitations period.

As previously indicated, the IDEA affords any aggrieved party the right to seek judicial review "by filing an action in a competent state or federal court." *Y.B.*, 4 F.4th at 198 (3d Cir. 2021) (citing 20 U.S.C. § 1415(i)(2)(A)). The time to file such an action, however, is not unlimited. The IDEA limits a party's right to "bring an action" to within "90 days from the date of the decision of the hearing officer." 20 U.S.C. § 1415(i)(2)(A). However, there is an exception to the IDEA's ninety-day time bar where a litigant seeks review of a final administrative decision by way of a compulsory counterclaim. *See Jonathan H. v. The Souderton Area Sch. Dist.*, 562 F.3d 527, 530 (3d Cir. 2009)

10

(holding that a "compulsory counterclaim [ ] timely pleaded under Rule 13(a) of the Federal Rules of Civil Procedure" may be asserted beyond the ninety-day limitations period).

It is not contested that Defendants filed their counterclaims outside the ninety-day limitations period. The timeliness of Defendants' counterclaims therefore hinges on whether they are "compulsory" or "permissive" under Rule 13(a). *See id.*; *see also Charlotte-Mecklenburg Cnty. Bd. of Educ. v. Brady*, 66 F.4th 205, 214 (4th Cir. 2023) (adopting Jonathan H.) ("[A]s long as the counterclaim was compulsory, and timely pleaded in accordance with Federal Rule of Civil Procedure 13, the IDEA's limitations on plaintiffs' 'right to a civil action' does not bar the filing of defendants' counterclaim."); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 206–07 (5th Cir. 2015) (reaffirming adoption of Jonathan H.) (stating that "asserting a compulsory counterclaim is not 'bringing an action'" under the IDEA).

### A. Fed. R. Civ. P. 13

Federal Rule of Civil Procedure 13(a)(1) defines a "compulsory" counterclaim as one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). In contrast, a "permissive" counterclaim is simply "any claim that is not compulsory." Fed. R. Civ. P. 13(b).

To determine whether a counterclaim is compulsory, federal courts must assess "whether the counterclaim bears a logical relationship to an opposing party's claim." *Transamerica Occidental Life Ins. Co. v. Aviation Off. of Am., Inc.*, 292 F.3d 384, 389–90 (3d Cir. 2002) (internal quotation marks omitted). Generally speaking, a "logical relationship" exists between a plaintiff's claims and a defendant's counterclaims where "separate trials on each . . . would 'involve a substantial duplication of effort and time by

11

the parties and the courts.'" *Id.* (quoting *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978)). "Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties." *Id.* (citing *Great Lakes Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961)).

### B. Defendants' Counterclaims

The Court is not persuaded that District's claims and Defendants' counterclaims "involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties." *Transamerica*, 292 F.3d at 390. As discussed, the August 12, 2022 Final Decision addressed Defendants' claim that the District had failed to provide A.N. with a FAPE. When determining whether a student was provided FAPE, an administrative hearing officer must assess whether a child's IEP was "calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 399 (2017). The statute contemplates that "this fact-intensive exercise will be informed not only by the expertise of school officials, but also by the input of the child's parents or guardians." *Id.* Importantly, this requires administrative hearing officers to receive, review, and weigh "testimony and documentary evidence concerning the child's needs and a school board's plans for meeting them." *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 120 (3d Cir. 2014).

In determining that the District provided A.N. with FAPE, the ALJ reviewed and relied on extensive evidentiary exhibits, which included education records and evaluation history. *See* Compl. ¶ 8, August 12, 2022 Final Agency Decision and Order of the Hon. Elaine B. Frick, A.L.J., Dkt. 1-1. Additionally, the ALJ weighed the factual

12

record of the due process hearing that culminated in the August 12, 2022 Final Decision including witness testimony and expert findings. *Id*. These facts and the law undergirding the August 12, 2022 Final Decision are extraneous, however, to the narrow question resolved by the Final Decision on Defendants' reimbursement for the IEE.[3]

In the November 24, 2022 Final Decision addressing the provision of FAPE to A.N., the ALJ does not discuss the November 24, 2020 Final Decision regarding reimbursement for the IEE other than in the procedural history. As is apparent from the decision, the facts and law applicable to the IEE issue have no relevant overlap with the legal analysis and conclusions made with respect to A.N.'s FAPE. While the Final Decision on FAPE "focused on the substance of an appropriate education" for A.N., the IEE Final Decision concerned a "payment dispute" that had no relevant connection "with [the District's] placement decisions, the services it offered [A.N.], [or] its response to [A.N.'s] disability." *M.R.*, 744 F.3d at 121 (finding that a counterclaim for expense reimbursement was permissive because there was "no meaningful overlap between the facts and law underlying" a denial-of-FAPE claim) (internal quotation marks omitted). Defendants' FAPE-based counterclaims would expand the scope of this Court's review to encompass issues that do not intersect with the discreet question of financial responsibility for the IEE of which the District seeks review. *Transamerica*, 292 F.3d at 390.

---

[3] The District Court's earlier decision declining to hear the District's interlocutory appeal is not determinative of the permissive nature of Defendants' counterclaims. There, the Court concluded that the ALJ's determination respecting the IEE issue represented an interim decision subject to the jurisdictional requirements attendant to the filing of interlocutory appeals. *Gloucester Twp. Bd. of Educ.*, No. CV 21-939, 2022 WL 1104848, at *2. Upon completion of the administrative process for review of both the IEE and FAPE issues, the Court can now conclude that there is no overlap in fact or law sufficient to require that Defendants be permitted to maintain their counterclaims.

Moreover, Defendants' do not articulate how their counterclaims involve the same factual or legal issues raised by the District's Complaint challenging the IEE Final Decision.[4] Although both decisions pertain to the rights of A.N. under the IDEA, "the similarity ends there." *M.R.*, 744 F.3d at 120; *see also Council Rock Sch. Dist. v. Bolick*, 462 F. App'x 212, 214 (3d Cir. 2012) (observing that a claim for IEE reimbursement is "entirely independent" from a challenge to an IDEA eligibility determination for purposes of claim preclusion); *Transamerica*, 292 F.3d at 391 (recognizing the "close connection between Rule 13(a) and the doctrine of claim preclusion").

For the foregoing reasons, the Court finds that Defendant's counterclaims are permissive, rather than compulsory, and are thus time-barred by the IDEA's ninety-day limitations period. *See Jonathan H.*, 562 F.3d at 530; *Brady*, 66 F.4th 205 at 214.

### VI. Conclusion

For the reasons set forth herein, the Court will grant the motion by Plaintiff Gloucester Township Board of Education and Defendants' counterclaims will be dismissed. An appropriate order shall follow.

February 7, 2024

s/ Joseph H. Rodriguez<br>
Hon. Joseph H. Rodriguez,  U.S.D.J.

---

[4] The term "compulsory" does not appear once in Defendants' brief.