UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLOUCESTER TOWNSHIP BOARD OF EDUCATION,<br><br>Plaintiff,<br><br>v.<br><br>E.N. and M.N. o/b/o A.N.,<br><br>Defendants. | Civil Action<br>No. 22-6568 (CPO)<br><br><br>OPINION |

This matter comes before the Court on the "MOTION to Dismiss" by defendants E.N. and M.N. o/b/o A.N. ("Defendants") seeking dismissal as a sanction. [ECF No. 37]. The Court is in receipt of the opposition filed by plaintiff Gloucester Township Board of Education ("BOE") [ECF. No. 38] as well as Defendants' brief in reply [ECF. No. 39]. For the reasons set forth herein, Defendants' motion will be denied.

**I.     Factual Background and Procedural History**

The BOE initiated this action on November 10, 2022 against Defendants under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400, et seq. [ECF No. 1]. By this action, the BOE seeks reversal of the administrative law decision by the Honorable Elaine B. Frick, A.L.J. ("ALJ") granting Defendants' motion for partial summary decision and ordering the BOE to reimburse Defendants for the Independent Educational Evaluation ("IEE") performed by a reading specialist, and the BOE further seeks attorney's fees in accordance with 20 U.S.C. 1415(h)(i)(3)(B)(i)(II)-(III). [ECF No. 1]. Defendants' responsive pleadings assert counterclaims appealing a separate decision issued by the ALJ, which denied Defendants' demands for relief upon concluding that Free Appropriate Public Education ("FAPE") was

1

provided in the Least Restrictive Environment ("LRE") to A.N. and that there was no compensatory education to be awarded, nor reimbursements for private tutoring, therapy, or other requested out-of-pocket expenses for such services. [ECF Nos. 4, 5]. On January 13, 2023, the BOE filed a motion to dismiss Defendants' counterclaims as being in violation of the IDEA's ninety-day statute of limitations period for seeking review of a final agency decision or, in the alternative, for failure to state a claim. [ECF No. 11]. The BOE's motion to dismiss Defendants' counterclaims [ECF No. 11] was granted on February 7, 2024 [ECF Nos. 35, 36].

In the course of discovery, the Magistrate entered an Order, dated June 7, 2024, directing that "Plaintiff's counsel shall order a copy of the complete and certified administrative record from the New Jersey Office of Administrative Law and file it on the docket, consistent with the appropriate rules governing sealing, within two weeks of receipt." [ECF No. 29]. It was further ordered "that discovery on Defendants' counterclaims is stayed pending the resolution of Plaintiff's motion to dismiss Defendants' counterclaims." [ECF No. 29]. The Order additionally instructed that "the provisions of L. Civ. R. 37.1(a)(1) shall be enforced in this case and no discovery motion may be filed without the dispute first being presented via letter to the undersigned." [ECF No. 29].

On September 14, 2023, the BOE filed a letter on the docket advising the Court on the status of its efforts to secure the Administrative Record. [ECF No. 33]. The letter describes and attaches copies of email exchanges between the BOE and a Senior Management Assistant of the Division of Educational Services, Office of Special Education at the New Jersey Department of Education ("NJDOE"). [ECF No. 33]. Specifically, the communications reflect that the BOE contacted the NJDOE to request the complete Administrative Record on June 7, 2023 and

2

followed-up on the requests on June 13, 2023, July 25, 2023, August 15, 2023, and September 13, 2023. [ECF No. 33].[1]

The BOE avers that despite the Senior Management Assistant's representation on September 13, 2023 that "I will be sending you the entire case file for EDS 05402 and EDS 00791 in a separate email TODAY[,]" the complete Administrative Record was not received on that date. [ECF No. 33 at Page 3 of 10]; [ECF No. 38 at Page 5 of 16]. Counsel for the BOE followed up again via telephone and was notified that the Senior Management Assistant he was in contact with no longer served in the position. [ECF No. 38 at Pages 5-6 of 16]. During that telephone communication, counsel for the BOE reiterated the request and asked that it be referred to the individual who was assuming the responsibilities of Senior Management Assistant. [ECF No. 38 at Page 6 of 16]. While the request was continued during that telephone communication, the NJDOE emailed counsel for the BOE to confirm that the request was being continued, and counsel for the BOE responded again reiterating the request for the complete Administrative Record. [ECF No. 38 at Page 6 of 16]. Counsel for the BOE was notified on March 12, 2024 that an electronic copy of the Administrative Record was being processed and would be delivered within two to four weeks. [ECF No. 38 at Page 6 of 16]. At the time the BOE filed its opposition to Defendants' motion, the BOE was still awaiting receipt of the Administrative Record and indicated its intention to follow up with the NJDOE if the Administrative Record was not received within the promised two to four week timeframe. [ECF No. 38 at Page 6 of 16].

---

[1] In one email, the Senior Management Assistant expressed that she was "'really really' overwhelmed with a lot of requests for Administrative Law Files from everywhere." [ECF No. 33 at Page 3 of 10].

The BOE filed the Administrative Record of the OAL proceeding on the docket in this action on April 18, 2024. [ECF No. 40]. In accordance with the Court's earlier discovery Order, the BOE filed a motion to seal the Administrative Record on April 30, 2024, which was unopposed which was granted on October 18, 2024 . [ECF. Nos. 41, 42].

While the BOE's request to the NJDOE remained pending and had yet to be fulfilled, and without first presenting the immediate dispute to the Court, on March 22, 2024 Defendants brought the instant motion seeking sanctions of dismissal and monetary award for fees and costs associated with bringing this motion. [ECF No. 37-4 at Pages 3, 6-7 of 11]. Defendants contend that dismissal is warranted under Fed. R. Civ. P. 37(b)(2)(A) on the asserted basis that the BOE failed to timely produce the Administrative Record in the sixteen months following the filing of the complaint and pursuant to the Court's June 7, 2023 Order. [ECF No. 37-4 at Pages 3, 11 of 11]. Defendants additionally ask the Court to find that the BOE is in violation of 20 U.S.C. § 1415(i)(2)(C)(i) for failing to produce the Administrative Record with the complaint. [ECF No. 37-4 at Pages 7-10 of 11]. The BOE opposes Defendants' motion, arguing that sanctions are not warranted because the BOE fully complied with the Court's June 7, 2023 Order and nothing in 20 U.S.C. § 1415(i)(2)(C)(i) requires the Administrative Record to be produced in the timeframe indicated by Defendants. [ECF No. 38 at Pages 7-12, 15 of 16].

**II.      Legal Standard**

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). "When, as in this case, a court is asked to sanction a party by depriving the party of the right to proceed with or defend against a claim, the court applies the analysis established in *Poulis v. State Farm Fire*

*and Casualty Co.*, 747 F.2d 863 (3d Cir.1984). *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 101 (D.N.J. 2006). Under *Poulis*, a court considers:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. No individual factor is determinative, and a court may impose sanctions even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). In *Poulis*, the Third Circuit recognized that dismissals with prejudice or defaults are drastic sanctions to be reserved for extreme cases. *Poulis*, 747 F.2d 863, 867-68 (3d Cir. 1984). Indeed, there exists a "strong presumption against sanctions that decide the issue of a case[.]" *Ali v. Sims*, 788 F.2d 954, 958 (3d Cir. 1986). "Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion." *Mindek*, 964 F.2d at 1373.

### III.    Discussion

#### A. *Poulis* Analysis

##### 1.    The Extent of a Party's Personal Responsibility

The first *Poulis* factor requires courts to consider "whether the party bears personal responsibility for the action or inaction[.]" *Adams v. Tr. of the New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994). In determining personal responsibility for the delay, courts must "distinguish[] between a party's responsibility for delay and counsel's responsibility." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 133 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). A plaintiff is not conjecturally responsible for her counsel's delay. *See id*. Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits[.]'" *Id*. at 132 (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

5

Here, Defendants argue that the BOE's alleged failure to comply with 20 U.S.C. § 1415(i)(2)(C)(i) regarding the filing of the Administrative Record and the Court's Order enforcing its production warrants the sanction of dismissal under Fed. R. Civ. P. 37 (b)(2)(A)(v) as well as under Fed. R. Civ. P. 37 (b)(2)(C) for payment of expenses in bringing the instant motion. [ECF No. 37-4 at Pages 5-6 of 11; ECF No. 39 at Pages 2-3 of 9]. Here, the Court finds that neither the BOE nor its counsel failed to comply with the Order or to provide discovery in a manner reasonably consistent with its obligations.

As an initial matter, nothing in 20 U.S.C. § 1415(i)(2)(C)(i) requires such records to be produced earlier than in the ordinary course of discovery. *See* 20 U.S.C. § 1415(i)(2)(C)(i) ("the court . . . shall receive the records of the administrative proceedings[.]"). Defendants cite a footnote in *DeKalb County Sch. Dist. v. J.W.M.* for the proposition that 20 U.S.C. § 1415(i)(2)(C)(i) must be interpreted to require that the record be filed along with the complaint. [ECF No. 39 at Page 4 of 9]; *DeKalb County Sch. Dist. v. J.W.M.*, 445 F.Supp.2d 1371, 1378 (N.D.Ga. 2006) The footnote states:

> On a motion to dismiss for failure to state a claim, ordinarily the Court cannot consider matters outside the parties' pleadings. Here, however, in an appeal from an administrative hearing in which the hearing record, including the transcript, must be included with the initial pleading seeking review (20 U.S.C.A. § 1415(i)(2)(C)(i) (West.Supp.2006)), there can be no genuine dispute as to the authenticity of the hearing transcript.

*DeKalb Cnty. Sch. Dist.*, 445 F. Supp. 2d at 1378 n.8. However, as recognized by another court in *C.B. v. Pittsford Cent. Sch. Dist.*, "the issue of whether the administrative record must be filed with the complaint was not before the court in *DeKalb*, and its statement on that point is therefore dicta." *C.B. v. Pittsford Cent. Sch. Dist.*, No. 08-CV-6462 CJS, 2009 WL 2991564, at *3 (W.D.N.Y. Sept. 15, 2009). Fundamentally, 20 U.S.C. § 1415(i)(2)(C)(i) contains no express

6

provision that the record be filed with the complaint, and there is no binding authority that compels the Court to adopt Defendants' interpretation.

With respect to the BOE's obligations under the Court's June 7, 2023, the BOE was directed to "order a copy of the complete and certified administrative record from the New Jersey Office of Administrative Law and file it on the docket[.]"[2] [ECF No. 29]. As demonstrated by the representations of counsel and documentary evidence provided by the BOE, the BOE immediately requested the Administrative Record from the NJDOE on June 7, 2023 – the same day it was ordered to do so. In doing so, therefore, the BOE timely complied with the terms of the Order requiring it to "order" a copy of the Administrative Record. The BOE then made several attempts at contacting and following up with the NJDOE as to its request.[3] Despite these efforts, the NJDOE failed to timely respond, apparently due to a backlog of requests at the NJDOE, the misrepresentation of the Senior Management Assistant that the Administrative Record would be transmitted on September 13, 2023, and the Senior Management Assistant's subsequent departure from the position. After further communications, counsel for the BOE was notified on March 12, 2024 that an electronic copy of the Administrative Record was being processed and would be delivered within two to four weeks. [ECF No. 38 at Page 6 of 16]. The BOE received the Administrative Record then filed it on the docket in this action on April 18, 2024. [ECF No. 40]. In view of these circumstances, there can be no doubt that the BOE made

---

[2] Defendants argue that the June 7, 2023 Order established a deadline for the BOE to file a copy of the Administrative Record on or before June 21, 2023. [ECF No. 37-4 at Page 2 of 11]. This plainly mischaracterizes the Order, which clearly directs the BOE to file the Administrative Record on the docket within two weeks of its *receipt* thereof. [ECF No. 29].

[3] The BOE filed a letter on the docket advising the Court of the status of its request such that the Court and Defendants were in a position to address the matter at that juncture if desired or necessary. [ECF No. 33].

reasonably diligent efforts to timely comply with the Order and its discovery obligations to produce the Administrative Record. The delay in production here is attributable to inaction on the part of the NJDOE as opposed to the BOE.

Accordingly, the Court finds the first *Poulis* factor to weigh against the imposition of dismissal as a sanction.

### 2. Prejudice to the Adversary

"Prejudice to the adversary is a particularly important factor in the *Poulis* analysis, and evidence of 'true prejudice . . . bear[s] substantial weight in support of a dismissal.'" *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 134 (3d Cir. 2019) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). "Relevant examples of prejudice include 'the irretrievable loss of evidence[ ] [and] the inevitable dimming of witnesses' memories.'" *Id*. (quoting *Scarborough*, 747 F.2d at 876). A party is not required "to show 'irremediable harm' for the prejudice to weigh in favor of dismissal." *Id*. (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). It has been established that, for the purposes of a *Poulis* analysis, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware*, 322 F.3d at 222.

Defendants advance no meaningful argument in their *Poulis* analysis specific to the second factor. [ECF. No. 37-4 at Pages 3-7 of 11]. Rather, Defendants simply contend that the "ability to defend their rights has been significantly impacted and prejudiced by Plaintiff's unreasonable delay in complying with this Court's disclosure order." [ECF No. 37-4 at Page 10 of 11]. Defendants later assert in their reply brief that "**The second factor is met** because the prejudice to the A.N.s is obvious." [ECF No. 39 at Page 6 of 9] (emphasis in original). Defendants' assertions are far too conclusory, however, to support a finding of prejudice.

8

Defendants additionally claim in their reply brief that the BOE's delay has prejudiced their ability to obtain L. Civ. R. 54.2 attorney's fees pursuant to their counterclaim brought under 20 U.S.C. § 1415. [ECF No. 39 at Page 6 of 9]. But Defendants' counterclaims in this action have been dismissed. [ECF Nos. 35, 36].

Because Defendants have not credibly alleged any prejudice as contemplated under *Poulis*, this factor weighs against the imposition of sanctions.

### 3. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. By contrast, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (quoting *Scarborough*, 747 F.2d at 875).

On this point, Defendants contend that the BOE has "unnecessarily delayed these proceedings for a year and a half" by "fail[ing] to comply with this Court's 6/7/23 Order [] to file the administrative record for 10 months after failing to comply with file [sic] the statute 20 U.S.C. § 1415(i)(2)(C)(i) when they filed their complaint.[]" [ECF No. 37-4 at Pages 5-6 of 11]. Yet, the record reflects no history or pattern of dilatoriness on the part of the BOE. In response to the Court's June 7, 2023 Order, the BOE immediately undertook to request the subject materials, followed up with the agency, and filed a letter on the docket advising the Court of the status of its request. After further communication with the NJDOE, the subject materials were obtained and filed on the docket on April 18, 2024. Simply put, the BOE was not dilatory. With respect to Defendants' contention that the BOE's failure to file the Administrative Record alongside the complaint contributes to a showing of dilatoriness, as stated above, nothing in 20 U.S.C. §

1415(i)(2)(C)(i) requires such records to be produced earlier than in the ordinary course of discovery. *See* 20 U.S.C. § 1415(i)(2)(C)(i) ("the court . . . shall receive the records of the administrative proceedings[.]").

Because Defendants fail to establish a history of dilatoriness as the concept is understood under *Poulis* and its progeny, this factor weighs against the imposition of sanctions.

### 4. Willfulness or Bad Faith of the Attorney of Party

Under the fourth factor of *Poulis*, courts consider whether the conduct was "the type of willful or contumacious behavior . . . characterized as flagrant bad faith." *Adams*, 29 F.3d at 875 (internal quotations and citation omitted). In the context of discovery sanctions, willfulness and bad faith "involve[ ] intentional or self-serving behavior." *Id.*; *see also Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, No. CIV. 10-4520 JEI AMD, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012).

Here, Defendants argue that "the BOE has unnecessarily delayed these proceedings for over 16 months with their meritless claim and with it Defendants' right to prevailing party fees and costs for obtaining ALJ Frick's Ordered entered well over 3 years ago on 11/24/20." [ECF No. 37-4 at Page 6 of 11]. As is clear from the Court's preceding discussion, counsel for the BOE made good faith efforts to comply with the June 7, 2023 Order and produce the Administrative Record. Any delay in complying with the Order's instruction to file the subject materials on the docket was a consequence of NJDOE's unresponsiveness as opposed to the BOE's willful inaction.

Accordingly, the fourth *Poulis* factor weighs against the imposition of sanctions.

### 5. Effectiveness of Alternative Sanctions

"[T]he fifth *Poulis* factor requires this Court to consider the effectiveness of sanctions other than default when weighing whether to impose that most severe of sanctions." *Wachtel*, 239 F.R.D. at 101. Fed. R. Civ. P. 37(b)(2) authorizes the issuance of sanctions, including the sanctions of dismissal and payment of expenses, "if a party . . . fails to obey an order to provide or permit discovery[.]" Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 37(b)(2)(C). The purposes of imposing sanctions under Rule 37 are to: (1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure. *Wachtel*, 239 F.R.D. at 99 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781, 49 L. Ed. 2d 747 (1976)).

In addition to dismissal, Defendants seek sanctions in the form of a monetary awards for fees and costs associated with bringing this motion. [ECF No. 37-4 at Page 6 of 11]. But for the reasons set forth, *supra*, the Court finds that the BOE complied with the June 7, 2023 Order, and it is not otherwise in default of its obligations under Fed. R. Civ. P. 26. Because no sanctionable discovery violation occurred, the circumstances present no attendant need for a remedy under Fed. R. Civ. P. 37(b)(2), and the purposes of Fed. R. Civ. P. 37(b)(2) sanctions are not served by the imposition any penalty available under the rule.

This factor therefore weighs against the imposition of sanctions.

**6.     Meritoriousness of Claims and Defenses**

"In determining whether a plaintiff's claim is meritorious, a court must use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869–70). Thus, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff

11

or would constitute a complete defense." *Poulis*, 747 F.2d at 869–70. "It follows that this factor is of limited practical utility in assessing a claim for if a claim as alleged lacks merit, it would likely be subject to dismissal under Rule 12(b)(6) without the need to weigh other factors." *Broomes v. Schmidt*, No. Civ. A. 95-4845, 1996 WL 724034, at *3 (E.D. Pa. Dec. 13, 1996).

Defendants contend that under the sixth factor of *Poulis* "the BOE lacks a meritorious claim regarding their appeal of being ordered to reimburse AN's parents any more than $600 for AN's $3,200 Reading Independent Educational Evaluation because as a matter of law the BOE choose [sic] not to file the administrative action within the mandatory 20 days." [ECF No. 37-4 at Page 4 of 11]. Despite its apparent position that the untimely filing of the administrative action is dispositive of the BOE's claims here, Defendants answered the complaint without filing any motion to dismiss or for judgment under Fed. R. Civ. P. 12.

Thus, even assuming a sanctionable discovery violation occurred for argument's sake, this factor weighs neither in favor of or against the imposition of sanctions.

### B. 20 U.S.C. § 1415(i)(2)(C)(i)

In Section III of their brief, Defendants ask the Court to find that the BOE is in violation of 20 U.S.C. § 1415(i)(2)(C)(i) for failing to produce the Administrative Record with the complaint. [ECF No. 37-4 at Page 7 of 11]. For the reasons set forth in Section III. A. 1., *supra*, the Court finds no violation on the part of the BOE under this provision meriting relief.

### IV.   Conclusion

The Court can discern no discovery violation on the record before it and, in any event, the *Poulis* factors weigh decidedly against the imposition of sanctions. For the reasons set forth herein, Defendants' "MOTION to Dismiss" [ECF No. 37] will be denied. An appropriate order shall issue.

Date: November 19, 2024

        /s/ *Christine P. O'Hearn*
        **Christine P. O'Hearn**
        **United States District Judge**