UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GLOUCESTER TOWNSHIP BOARD OF EDUCATION**, | |
| *Plaintiff,* | No. 22-cv-06568 |
| v. | **OPINION** |
| **E.N. AND M.N. ON BEHALF OF A.N.**, | |
| *Defendants.* | |

**APPEARANCES:**

**Susan Hodges**
**Melissa Kolaski**
**Emily Elizabeth Strawbridge**
PARKER MCCAY P.A.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, NJ 08054

   *On behalf of Plaintiff.*

**Jamie Mark Epstein**
17 Fleetwood Drive
Hamilton, NJ 08690

   *On behalf of Defendants.*

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court on Plaintiff Gloucester Township Board of Education's ("Plaintiff" or the "District") Motion for Summary Judgment. (ECF No. 59). Plaintiff seeks reversal of the Administrative Law Judge's ("ALJ") order granting partial summary judgment in favor of Defendants E.N. and M.N. on behalf of A.N. (collectively "Defendants") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et. seq.*, as well as attorneys' fees under the IDEA.

For the reasons that follow, the Court grants summary judgment for Plaintiff, reverses the ALJ's decision, and remands for further administrative proceedings consistent with this Court's opinion. The Court declines to award attorneys' fees.

**I.    BACKGROUND**

**A.  Factual History**

The following facts are taken from the ALJ's factual findings in the administrative proceedings below, to which the Court gives due weight. (Compl. Ex. A, ECF No. 1-1 at 3–4). To the extent these facts are disputed by the parties, the Court finds that they are immaterial to its legal analysis.

A.N. is a classified disabled student in Plaintiff's school district. On April 27, 2020, A.N's parents, E.N. and M.N., notified the District of their request for a private Independent Educational Evaluation ("IEE") by a reading specialist because they disagreed with the District's latest evaluation. The next day, the District responded by email seeking further clarification about the evaluation sought by Defendants. Defendants declined to provide further details and resubmitted

2

their original request. The District also requested a meeting with Defendants, but Defendants declined.

On May 7, 2020, the District sent an email to Defendants indicating that it had a policy of capping reimbursement for IEEs at $600, and informing Defendants that if they exceeded this cost cap they would not be reimbursed. The District separately provided a "Cost Criteria for Independent Evaluations" sheet that outlined the maximum fees allowed for an IEE. In response, Defendants sent a letter on May 13, 2020, indicating that they disagreed and expected the District to pay the full cost of the requested IEE, which was $3,200.

The District responded the same day by email, reiterating its position that the cost cap for IEEs was $600 and that it would not pay for Defendants' evaluation beyond that amount. The District offered to provide a list of evaluators who could complete an IEE for less than $600. Defendants instead filed a due process complaint on May 18, 2020, to initiate an administrative hearing. The District did not file its own complaint objecting to the requested IEE.

### B. Administrative Proceedings

On November 24, 2020, the ALJ granted Defendants' motion for partial summary judgment and ordered the District to reimburse the full cost of the IEE because it had failed to file a due process complaint within twenty days of receiving the parents' request for an IEE. (Compl. Ex. A, ECF No. 1-1 at 14). Relying principally on *Hopewell Township Board of Education v. C.B. ex rel. C.B.*, No. 19-6287, 2020 WL 4431820 (D.N.J. July 31, 2020), as well as the Parental Rights in Special Education ("PRISE") booklet promulgated by the New Jersey Department of Education,

the ALJ held that the District had waived its right to object to the cost of the IEE by failing to file a complaint within twenty days. (*Id.* at 10–13).

The remaining issues then proceeded before the ALJ, who issued a final decision on August 12, 2022, in favor of the District. (*Id.* at 97–98).

## II.     PROCEDURAL HISTORY

The District's first appeal in this matter was dismissed for lack of subject matter jurisdiction because the ALJ had not yet issued a final decision. *Gloucester Twp. Bd. of Educ. v. E.N. ex rel. A.N.*, No. 21-939, 2022 WL 1104848, at *2 (D.N.J. Apr. 13, 2022). After the ALJ's final decision, the District refiled its Complaint on November 10, 2022. (ECF No. 1).

Defendants then sought to assert counterclaims, effectively an appeal of the ALJ's final decision, which the Court dismissed on February 7, 2024, finding that they were permissive and therefore time-barred under the IDEA. (ECF Nos. 35–36). On March 22, 2024, Defendants filed a motion to dismiss for alleged discovery violations, (ECF No. 37), which the Court denied on November 19, 2024, because there were no discernible discovery violations and dismissal was not an appropriate sanction regardless. (ECF Nos. 44–45). Defendants also filed a motion for reconsideration of the denial of their counterclaims, (ECF No. 50), on January 10, 2025, which the Court also denied on February 21, 2025, because the motion was filed nearly a year after the initial order and failed to satisfy the standard for reconsideration. (ECF No. 56).

Finally, the District moved for summary judgment on March 31, 2025. (ECF No. 59). Defendants filed a brief in opposition on May 14, 2025, (ECF No. 62), and an amended Responsive

4

Statement of Undisputed Material Facts ("SOMF") on May 19, 2025, improperly labeled as a counterstatement. (ECF No. 68). Plaintiff filed its reply brief on May 28, 2025.[1] (ECF No. 69).

### III. JURISDICTION

This Court has jurisdiction under the IDEA, 20 U.S.C. § 1415(i), which allows parties to appeal a decision of an ALJ to a federal district court, and 28 U.S.C. § 1331 because the case arises under federal law.

### IV. LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). However, the standard of review under which a district court "considers an appeal of a state administrative decision under the IDEA differs from that governing the typical review of summary judgment." *M.A. ex rel. G.A. v. Voorhees Twp. Bd. of Educ.*, 202 F. Supp. 2d 345, 359 (D.N.J. 2002), *aff'd,* 65 F. App'x 404 (3d Cir. 2003) (quotation marks and citation omitted). When reviewing a decision of an ALJ under the IDEA, the "reviewing court is obliged to conduct a modified *de novo* review, giving due weight to the underlying administrative proceedings." *S.H.*

---

[1] In its reply brief, Plaintiff asked the Court to disregard Defendants' brief because they failed to follow the Court's scheduling order and comply with Local Rule 56.1. (ECF No. 69 at 10). The Court finds that Plaintiff was not prejudiced and will consider Defendants' amended SOMF as operative. Defendants, meanwhile, object to Plaintiff's reply brief for not conforming to Local Rule 7.2(b) because it exceeds fifteen pages. (ECF No. 70). But Plaintiff's reply brief itself is only ten pages, and it separately responded to what it construed to be Defendants' counterstatement of material facts as required by the rules—though pursuant to Local Civil Rule 56.1 such responses are required to be submitted in a separate document rather than contained in a brief. Accordingly, Defendants' request to strike is also denied.

*v. State-Operated Sch. Dist. of Newark*, 336 F.3d 260, 270 (3d Cir. 2003) (quotation marks and citation omitted). The factual findings of the administrative proceedings are "to be considered prima facie correct," and if a court deviates from those findings it must explain why. *Id.* (citation omitted). Questions of law, however, are reviewed *de novo. E.g.*, *M.I. ex rel. M.I. v. N. Hunterdon-Voorhees Reg'l High Sch. Dist. Bd. of Educ.*, No. 20-870, 2021 WL 1720853, at *4 (D.N.J. Apr. 30, 2021). "Applying these standards, the district court may make findings based on the preponderance of the evidence and grant the relief it deems appropriate, including an award of attorneys' fees, a requirement for reimbursement for a private educational placement, and a direction for the provision of a compensatory education." *Id.* (citation omitted).

## V. DISCUSSION

### A. Legal Background

The IDEA was enacted to ensure that children with disabilities have access to a "free appropriate public education" that meets their unique needs. § 1400(d)(1)(A). To fulfill that promise, the IDEA requires school districts, upon request from a child's parents, to evaluate the child to determine if they have a disability and their educational needs. *See id.* § 1414(a). The district must then reevaluate the child at least once every three years. *Id.* If a parent disagrees with the district's evaluation, they have a right to request an IEE "at public expense." 34 C.F.R. § 300.502(b). If a parent makes such a request, the district "must, without unnecessary delay, either— (i) [f]ile a due process complaint to request a hearing to show that its evaluation is appropriate; or (ii) [e]nsure that an independent educational evaluation is provided at public

expense, unless the agency demonstrates in a hearing … that the evaluation obtained by the parent did not meet agency criteria." *Id.*

New Jersey regulations in turn state that an IEE "shall be provided at no cost to the parent, unless the district board of education initiates a due process hearing to show that its evaluation is appropriate and, following the hearing, a final determination to that effect is made." N.J. ADMIN. CODE § 6A:14-2.5. "The district board of education shall request a due process hearing when the district board of education denies a written parental request for an independent evaluation in accordance with [§] 6A:14–2.5(c)." *Id.* § 6A:14-2.7. The State regulations further require that a board of education request a due process hearing within twenty calendar days of receiving the parent's request for an IEE. *Id.* § 6A:14-2.5.

## B. The ALJ's Decision Conflicts with Precedent and Federal Regulations

This case thus presents a single legal question: Under the IDEA, must a New Jersey school district file a due process complaint within twenty days if it wishes to contest reimbursement for an IEE that exceeds the district's established cost cap?[2] The ALJ answered the question in the affirmative. (*See* Compl. Ex. A, ECF No. 1-1 at 2–15). This Court disagrees and concludes that the answer must be no. Indeed, multiple courts in this District, and others, have addressed this question and reached the same conclusion. *See C.P. ex rel. F.P. v. Clifton Bd. of Educ.*, No. 19-8469, 2020 WL 4530031 (D.N.J. Aug. 6, 2020); *M.D. v. Vineland City Bd. of Educ.*, No. 19-12154,

---

[2] Since it is undisputed that Plaintiff did not file a complaint within twenty days, the parties' other factual disputes are largely irrelevant to the Court's analysis.

2024 WL 195371 (D.N.J. Jan. 17, 2024); *Mantua Twp. Bd. of Educ. v. E.K. ex rel. W.W.*, No. 22-07496, 2025 WL 2753580 (D.N.J. Sept. 26, 2025). The Court is persuaded by their reasoning.

In *Clifton*, as here, the parents argued that the district's failure to file a due process complaint within twenty days resulted in its waiver of the right to dispute reimbursement. 2020 WL 4530031, at *7. The ALJ and the court disagreed. *Id.* Instead, the court held that the failure to file a due process complaint meant only that the district had "procedurally forfeited the right to contest" what it referred to as the "issue of eligibility—*i.e.*, to assert that its own evaluation was appropriate and that no further evaluation could be had at public expense." *Id.* In other words, if a district wishes to deny the parent's request for an IEE altogether as unnecessary, it must file a due process complaint within twenty days.

But if the district does not seek to contest the parent's request for an IEE outright, but simply wants to ensure that the IEE obtained by the parent complies with its established criteria, specifically cost criteria, must it also initiate a hearing within twenty days? The *Clifton* court answered that question no, relying on the plain text of the relevant regulation and the Fifth Circuit's decision in *Seth B. ex rel. Donald B. v. Orleans Parish School Board*, 810 F.3d 961 (5th Cir. 2016). *See id.* at *8; *see also Mantua*, 2025 WL 2753580, at *4 ("[W]hen a school board initially agrees to fund an IEE, does it forfeit its right to later contest payment based on the parent's noncompliance with agency criteria? It does not."). This Court agrees.

The plain text of the federal regulation does not support the ALJ's conclusion that a district is required to initiate a hearing where the only disputed issue is cost criteria. As explained above, § 300.502(b) states that a district, upon receiving a request for an IEE at public expense, must

8

"without unnecessary delay" either "[f]ile a due process complaint to request a hearing to show that its evaluation is appropriate," *id.* § 300.502(b)(2)(i), or else "[e]nsure that an independent educational evaluation is provided at public expense, *unless the agency demonstrates in a hearing ... that the evaluation obtained by the parent did not meet agency criteria.*" *Id.* § 300.502(b)(2)(ii) (emphasis added). The second part of the regulation is critical to its interpretation and application. As the Fifth Circuit explained, the difference between (b)(2)(i) and (b)(2)(ii) is significant. *See Seth B.*, 810 F.3d at 968. While (b)(2)(i) requires the district to "file" a complaint and "request" a hearing if it wishes to assert that its own evaluation was appropriate, (b)(2)(ii) requires no such action and states the district must only "demonstrate[] in a hearing" that the IEE did not meet its criteria. § 300.502(b). "This distinction strongly favors reading § 300.502(b)(2)(ii) *not* to require the agency to initiate a hearing," *Seth B.*, 810 F.3d at 968, if it seeks only to object on the basis of cost criteria.[3]

Prudential reasons further support this interpretation of the regulation. The "right to invoke the 'unless' scenario" in (b)(2)(ii) "by its nature, cannot be forfeited at the time of the parent's initial demand for an IEE. By definition, that scenario cannot even occur until after the IEE has been conducted and the [d]istrict has reviewed it." *Clifton*, 2020 WL 4530031, at *9. This favors

---

[3] It is unclear whether the ALJ based their decision on the federal or New Jersey regulations, which the ALJ viewed as "consistent" with one another. (Compl. Ex. A, ECF No. 1-1 at 7). Although not raised by the parties, the Court observes that the New Jersey regulations also do not appear to require a district to file a due process complaint in this situation. *See Mantua*, 2025 WL 2753580, at *5. A district is only required to file such a complaint within twenty days if it "denies a parent's IEE request at the outset, thus requiring it to promptly defend its own evaluation." *Id.* (citing N.J. ADMIN CODE §§ 6A:14-2.5(c), 6A:14-2.7).

9

reading the regulation to not require the district to file a due process complaint within twenty days. "To hold otherwise would strip school boards of the ability to guard against unreasonable expenditures and abuses, and undermine their duty to protect the limited funds Congress intended to serve *all* children with disabilities." *Mantua*, 2025 WL 2753580, at *6. It would essentially require a district to file a due process complaint whenever it receives an IEE request or else risk waiving any objections to the final cost, no matter how extreme. In other words, a district would have to object before even knowing whether the IEE complies with its criteria. That cannot be what the IDEA requires nor intended.

In sum, a district faced with an IEE request has two options: (1) initiate a hearing within twenty days if it seeks to deny the request altogether; or (2) provide the IEE at public expense unless it can show in a later hearing that the IEE did not meet its criteria. Put differently, the failure to file a due process complaint within twenty days means only that a district must provide, at no cost to the parents, an IEE that complies with the district's established criteria. It does not mean that the district must provide any IEE that the parents want at any cost. As the *Clifton* court put it: "Surely the [d]istrict, by acquiescing in the parents' seeking an IEE, did not sign a blank check for the parent to spend whatever amount she wished on any procedure the parent might unilaterally deem to constitute an IEE." 2020 WL 4530031, at *8. Applying that principle here, Plaintiff's failure to file a due process complaint means that it must provide an IEE at a cost of up to $600, but no more.

Here, the ALJ instead relied on *Hopewell*, another decision from this District. (*See* Compl. Ex. A, ECF No. 1-1 at 10 (citing *Hopewell*, 2020 WL 4431820)). In *Hopewell*, the evaluators

10

requested by the parents for the IEEs were "more expensive than those typically used" and the district "suggested" that the parents use alternate evaluators. *Hopewell*, 2020 WL 4431820, at *2 (citations omitted). The parents filed a due process complaint seeking to compel the district to provide the IEEs and an ALJ held that the parents were "entitled to the [IEEs] requested" because the district failed to file a due process complaint within twenty days. *Id.* (alteration in original). The district appealed, and the district court later affirmed. *Id.* at *4. This Court does not read *Hopewell* as holding that a district's failure to file a due process complaint means that it has implicitly authorized the parents to spend an unlimited amount for an IEE. *Hopewell* only holds that if the district fails to file the due process complaint, it must "provide [the parent] with an IEE at public expense pursuant to 34 C.F.R. § 300.502(b) and N.J. Admin. Code § 6A:14-2.5(c)." 2020 WL 4431820, at *4. As set forth above, § 300.502(b) does not require a district to initiate a hearing if it only seeks to contest an IEE's failure to follow established criteria, including cost. Therefore, *Hopewell* is not inconsistent with the other decisions of this District. To the extent *Hopewell* is interpreted to hold otherwise, this Court declines to follow it.

      Defendants further argue that the ALJ's decision was correct because it relied on the PRISE booklet promulgated by the New Jersey Department of Education. (Compl. Ex. A, ECF No. 1-1 at 12–13). The PRISE manual states that "the school district must consider your request for an evaluator that costs more than the school district usually pays for the same evaluation. If the school district disagrees with your request, it must request a due process hearing to deny your request." *Id.* at 12. Although the PRISE manual supports the ALJ's decision, the Court agrees with Plaintiff, (Pl.'s Mot., ECF No. 59-1 at 18), that a guidance document issued by a state agency cannot

11

override and must yield to the federal regulation. *See, e.g.*, *Meyer v. Int'l Playtex, Inc.*, 724 F. Supp. 288, 290 (D.N.J. 1988) ("The Supreme Court has repeatedly held, moreover, that state laws can be preempted by federal regulations as well as by federal statutes.")

Finally, Defendants raise other arguments that were not addressed by the ALJ, including that, under § 300.502(b)(2)(ii), "agency criteria" cannot include "cost criteria," and that Plaintiff did not prove that its rate cap was based on market analysis. (Defs.' Opp., ECF No. 62 at 15–25). Because the ALJ did not consider these arguments nor make any factual or legal findings related thereto, the Court declines to address them *de novo* and instead remands for the ALJ to consider them in the first instance under the proper legal standard.[4]  *See, e.g.*, *B.G. v. Ocean City Bd. of Educ.*, No. 13-5166, 2014 WL 4798647, at *8 (D.N.J. Sept. 26, 2014).

### C. Plaintiff is Not Entitled to an Award of Attorneys' Fees

Under the IDEA, the court, "in its discretion, may award reasonable attorneys' fees" to "a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation." § 1415(i)(3)(B)(i). A district can similarly recover fees "against the attorney of a parent, or against the parent, if the parent's

---

[4] Defendants claim that the "ALJ based her ruling on the fact that the [District] failed to sustain their statutory burdens of proof and production to prove their $600 cap was reasonable nor the $3,200 IEE charge was unreasonable." (Defs.' SOMF, ECF No. 68 at 11). The Court is unable to find support for this assertion in the ALJ's decision.

complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." *Id.* To "prevail under the IDEA, as under other statutes with prevailing party fee provisions, a party must obtain a material alteration of the legal relationship of the parties that is judicially sanctioned" and "merits-based." *M.R. v. Ridley Sch. Dist.*, 868 F.3d 218, 224 (3d Cir. 2017) (cleaned up). A district court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 502 (3d Cir. 1991) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). An award of fees is appropriate if the action is "utterly without basis in law or in fact." *Id.* at 503 (citation omitted).

Here, the District argues that it is entitled to fees because it made a settlement offer to Defendants "which included every one of Defendants' demands." (Pl.'s Mot., ECF No. 59-1 at 24). According to the District, Defendants' decision to proceed to a hearing before the ALJ was therefore "unreasonable." (*Id.* at 23). Defendants dispute that the settlement offer fully met their demands. (Defs.' SOMF, ECF No. 68 at 12–13).

Although the District is the prevailing party on the merits of its appeal, the Court declines to award fees. First, it appears from the District's brief that the financial reimbursement in the settlement offer was significantly less than the amount demanded by Defendants. (*See* ECF No. 59-1 at 21–22). Moreover, the District's settlement offer was made in July 2020, before the ALJ's decision granting partial summary judgment in Defendant's favor in November 2020. (Defs.' SOMF, ECF No. 68 at 12; Compl. Ex. C, ECF No. 1-1 at 106). Defendants' decision to reject the

settlement and proceed before the ALJ cannot be considered "frivolous, unreasonable, or without foundation," § 1415(i)(3)(B)(i), when they subsequently achieved a partial victory.[5]

---

[5] Plaintiff relies solely on *District of Columbia v. Ijeabuonwu*, 631 F. Supp. 2d 101 (D.D.C. 2009), *rev'd on other grounds*, 642 F.3d 1191 (D.C. Cir. 2011). In that case, the court awarded fees when the district agreed to provide the requested evaluations and reimburse the fees before the administrative hearing. *Id.* at 106. The court held that the plaintiff's decision to proceed with a hearing "even though *no substantive disputes remained* between them and [the district] and no further relief could be provided" was "unreasonable and without foundation." *Id.* at 105 (citation omitted). Even if that case were controlling, because Defendants dispute whether the settlement offer was adequate, Plaintiff has failed to meet its burden to establish otherwise and to warrant fee shifting. Quite simply, the Court cannot determine based on the record before it whether any disputes remained or further relief could have been obtained.

14

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (ECF No. 59), is **GRANTED IN PART AND DENIED IN PART.** The ALJ's decision on November 24, 2020, granting partial summary judgment in favor of Defendants is **REVERSED AND REMANDED** to the ALJ for further administrative proceedings consistent with this Opinion. Plaintiff's request for attorneys' fees is **DENIED.** An appropriate Order accompanies this Opinion.

_____
**CHRISTINE P. O'HEARN**
**United States District Judge**